# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Donald R. Endicott,**
**Claimant Below, Petitioner**

**v.)**  **No. 25-730**  (JCN: 2023016774)
(ICA No. 25-ICA-68)

**ACNR Resources, Inc.**
**Employer, Respondent**

## MEMORANDUM DECISION

Petitioner Donald R. Endicott appeals the August 29, 2025, memorandum decision of the Intermediate Court of Appeals ("ICA"). *See Endicott v. ACNR Resources, Inc.*, No. 25-ICA-68, 2025 WL 2491259 (W. Va. Ct. App. Aug. 29, 2025) (memorandum decision). Respondent ACNR Resources, Inc. filed a timely response.[1] The issue on appeal is whether the Board of Review erred in affirming the claim administrator's orders that (1) denied the addition of cervical radiculopathy as a compensable condition in the claim, and (2) denied authorization for a referral to pain management. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the ICA's decision is appropriate. *See* W. Va. R. App. P. 21.

On appeal, the claimant argues that the ICA's memorandum decision was clearly wrong in denying the addition of radiculopathy as a compensable condition because the Board of Review erred in adopting the opinion of David Soulsby, M.D., who provided no alternative cause for the claimant's cervical symptoms. However, Chad Lavender, M.D., an orthopedist, found significant radicular symptoms and numbness in the claimant's upper extremity and attributed the radicular symptoms to the compensable injury. Because Dr. Soulsby provided no alternative cause for the claimant's cervical symptoms which manifested in conjunction with his compensable injury, and because Prasadarao B. Mukkamala, M.D., dismissed the symptoms as being degenerative, the claimant contends that the Board of Review was wrong to find their opinions to be more persuasive than Dr. Lavender's opinion. The claimant also asserts that Dr. Lavender's request for an authorized referral to pain management should have been granted as reasonable and medically necessary treatment for the cervical radiculopathy and right shoulder pain, which are the result of his compensable injury.

The employer counters by arguing that the medical evidence establishes neither a temporal nor causal relationship to the compensable injury because all the contemporaneous records

---

[1] The petitioner is represented by counsel J. Thomas Greene Jr. and T. Colin Greene, and the respondent is represented by counsel Aimee M. Stern.

demonstrate that the claimant's compensable injury involved solely his right shoulder. Moreover, both Dr. Soulsby and Dr. Mukkamala concluded that the claimant did not suffer an injury to his cervical spine as part of his compensable injury. Finally, the employer argues that the claimant's medical records clearly demonstrated that his compensable right shoulder injury had resolved, and that any additional symptoms were related to his non-compensable cervical degenerative disc disease. As such, the employer argues that the ICA's decision should be affirmed.

This Court reviews questions of law de novo, while we accord deference to the Board of Review's findings of fact unless the findings are clearly wrong. Syl. Pt. 3, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024). Upon consideration of the record and briefs, we find no reversible error and therefore summarily affirm. *See* W. Va. R. App. P. 21(c).

Affirmed.

**ISSUED: June 1, 2026**

**CONCURRED IN BY:**

Chief Justice C. Haley Bunn
Justice William R. Wooton
Justice Charles S. Trump IV
Justice Thomas H. Ewing
Justice Gerald M. Titus III

2